Cf. Stokes et al. v. Giarraputo & Son (No. 1), infra.

## Stokes et al. v. Giarraputo & Son. No. 1

*Frank R. Ambler*, for petitioner.

*Philip Sterling* and *Elias Magil*, for respondent.

CRUMLISH, J., July 30, 1941.—We have before us a petition and rule by defendant herein seeking the joinder of Isadore Weinstock as an additional defendant.

This suit was instituted in trespass by four plaintiffs to recover damages resulting from an automobile accident, involving defendant's truck driven by its agent, and an automobile, owned and operated by Weinstock, in which plaintiffs were passengers. Weinstock was the fourth plaintiff in the original suit. Defendant filed an answer to the statement of claim as required by Pa. R. C. P. 2252 and then a petition and rule to sever the action of plaintiff Weinstock from the actions of the other three plaintiffs. This rule was made absolute, and was followed by the present petition.

The severance was granted so that defendant, who is not permitted under the above rule to join as an additional defendant anyone who is already a party of record, might be able to join Weinstock as an additional defendant in the actions of the other plaintiffs. At common law, the claims of plaintiffs herein could not be joined in one suit because they are distinct and separate: 2 Standard Pa. Practice, p. 353; Goodrich-Amram Procedural Rules, §2229(*a*)-1. Such joinder of plaintiffs was first permitted by the Permissive Joinder of Plaintiffs Act of June 25, 1937, P. L. 2072, 12 PS §159.1, now superseded by Pa. R. C. P. 2229. However, such joinder was intended merely as a convenience in the trial of the cases and as a means of avoiding inconsistent verdicts, which might result from separate trials. The action of each plaintiff still retains its separate character and is merely consolidated with the other

cases for the purpose of trial: Goodrich-Amram, supra, §2252(a)-5. Also, the Act of 1937, and the succeeding rule, supra, are not compulsory but permissive only. Therefore, it has been the practice of our courts in the exercise of their discretion in such matters to allow a severance of such actions where joinder has resulted, as herein, in denying to defendant a procedural advantage which he might otherwise have: Goodrich-Amram, supra, §2252(a)-5, n. 18. However, the severance merely separates the action of Weinstock and does not disturb the joinder of the actions of the other plaintiffs. In this way, the procedural rights of all parties are harmonized.

Plaintiffs have filed an answer to the above petition to join Weinstock and allege therein that he has since been inducted into the United States Army under the Selective Training and Service Act of September 16, 1940, 54 Stat. at L. 885. Therefore, they assert that his joinder would prejudice them since he could not be served with a supplementary statement of claim as required by rule 2258. However, plaintiffs' petition is unsound.

Paragraph (e) of Pa. R. C. P. 2252 provides that "The court shall grant such petition whenever the petition alleges facts which would establish the liability of the additional defendant and the court deems the joinder of the additional defendant will not unreasonably prejudice the additional defendant or any other party of record."

There is no authority under these rules for the introduction of matters dehors the record in the form of an answer by plaintiffs or any other party, except, of course, by the party sought to be joined after service upon him of the order of joinder. The question of joinder is to be determined from the petition alone.

"In determining whether the petition establishes a prima facie liability of the additional defendant, the court should consider only the legal sufficiency of the

averments in the petition. The truth of such averments is not then before the court. The court cannot examine any depositions, answers or counter-pleadings which any other party to the action or the additional defendant may file as bearing upon the truth of the allegations in the petition. In fact, the filing of such depositions or pleadings is not authorized or contemplated by these rules": Goodrich-Amram, supra, §2252(e) 1. That the present petition states facts establishing the liability of the party sought to be joined is clear and not in dispute.

It follows from the above discussion that "when determining whether joinder will be prejudicial, the court is determining a question of procedural convenience": Goodrich-Amram, supra, §2252(e) 1. The effect of such joinder upon a party of record because of a change of circumstances outside the record, such as alleged herein, is not relevant to that issue.

Furthermore, plaintiffs' fears are more apparent than real. Although the issuance of the order of court attached to defendant's petition will join Weinstock as an additional defendant to the severed actions of the other plaintiffs, such order must be served upon Weinstock to bring him within the jurisdiction of the court in such actions. Without such service, the court will not have personal jurisdiction of Weinstock, and the proceedings will perforce continue without him. In addition, we point out that the severance of these actions on defendant's petition may turn out to be of aid to plaintiffs in the speedy prosecution of their suit, since Weinstock may be entitled to have the trial of his action stayed under section 201 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178.

The caption of the petition and order prepared by counsel for the joinder of Weinstock erroneously includes Weinstock as a party plaintiff. This should be corrected, since Weinstock's action has been severed

from the others, and a new order prepared. Otherwise, we should be doing exactly what Pa. R. C. P. 2252 prohibits.

Defendant is hereby directed to amend the caption of its petition and to prepare an amended order in accordance with the above opinion. Upon the filing of such amendments, the petition is granted and the order allowed.

Cf. Freeman et ux. v. MacDonald et ux., supra, p. 158.